FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 29, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| M'LISA Y., | No. 2:22-CV-252-JAG |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 12, 14.  Attorney Jeffrey Schwab represents M'Lisa Y. (Plaintiff); Special Assistant United States Attorney Frederick Fripps represents the Commissioner of Social Security (Defendant).  After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

//

//

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted for Kilolo Kijakazi as the defendant in this suit.  No further action need be taken to continue this suit.  *See* 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION . . . 1

## I.  JURISDICTION

Plaintiff filed claims for benefits on May 20, 2020, alleging disability beginning January 1, 2019.  The claims were denied initially and upon reconsideration.  Administrative Law Judge (ALJ) Jesse Shumway held a hearing on October 22, 2021, and issued an unfavorable decision on November 22, 2021.  Tr. 15-29.  The Appeals Council denied review on September 6, 2022.  Tr. 1-6.  Plaintiff appealed this final decision of the Commissioner on October 28, 2022.  ECF No. 1.  The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline.  ECF No. 3.

## II.  STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### III.   SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### IV.   ADMINISTRATIVE FINDINGS

On November 22, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 1, 2019, the alleged onset date. Tr. 17.

At *step two*, the ALJ determined Plaintiff had the following severe impairments: fibromyalgia; morbid obesity; a depressive disorder; and a panic disorder. Tr. 17.

At *step three*, the ALJ found these impairments did not meet or equal the requirements of a listed impairment. Tr. 19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform light work subject to the following additional limitations: she can occasionally operate foot controls; she can occasionally climb ladders, ropes, and scaffolds, and frequently perform all other postural activities; she cannot have concentrated exposure to extreme cold or vibration and can have no exposure to pulmonary irritants; she is limited to simple, routine, repetitive tasks; she can have no contact with the public and only occasional, superficial contact with coworkers and supervisors; and she requires a routine, predictable work environment with no more than occasional, simple changes. Tr. 22.

At *step four*, the ALJ found Plaintiff could not perform past relevant work. Tr. 27.

At *step five*, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 28-29.

The ALJ thus concluded Plaintiff was not disabled from the alleged onset date through the date last insured. Tr. 29.

V.    ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ erred by finding irritable bowel syndrome, migraine headaches, and cognitive deficiencies

not severe impairments at step two; and (B) whether the ALJ erred at step five. ECF No. 12 at 8, 17-18.[2]

## VI. DISCUSSION

### A. Step Two

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen*, 482 U.S. at 145; 20 C.F.R. § 404.1520(c). To establish a severe impairment at step two, the condition "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 404.1521. Plaintiff carries the burden of proving an impairment is disabling; a statement of symptoms is insufficient. *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985).

Plaintiff argues the ALJ erred at step two by failing to find irritable bowel syndrome, migraine headaches, and cognitive deficiencies as severe impairments. ECF No. 12 at 8. Plaintiff contends that if these impairments had been found severe at step two, the ALJ would have included additional restrictions in the RFC assessment, and thus the error is harmful. It does not logically follow, however,

---

[2] Plaintiff frames her first "alleged error[]" as a step three error. *See* ECF No. 12 at 1 (capitalization omitted). She later includes a section caption that asserts the ALJ improperly evaluated the medical opinion evidence, followed only by a recitation of the relevant statutory framework. *See id*. at 6-7. Based on Plaintiff's actual argument section, it appears Plaintiff instead asserts the ALJ erred at step two. *See id*. at 8-17. The Commissioner takes the same view. *See* ECF No. 14 at 3-5. Plaintiff did not file a reply brief.

that a finding of severity would lead to the inclusion of additional RFC restrictions. *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228-29 (9th Cir. 2009) ("[Plaintiff] posits that a severe impairment, by definition, inhibits a claimant from engaging in "basic work activities," and the ALJ's statement of her RFC does not capture that limitation. [Plaintiff] offers no authority to support the proposition that a severe mental impairment must correspond to limitations on a claimant's ability to perform basic work activities."); *Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017) ("[Step two] is not meant to identify the impairments that should be taken into account when determining the RFC. In fact, in assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not severe. The RFC therefore *should* be exactly the same regardless of whether certain impairments are considered severe or not.") (cleaned up).

Here, at step two, the ALJ the rejected the severity of these three impairments. As to irritable bowel syndrome, the ALJ, pointing to conflicting evidence, found Plaintiff "has not demonstrated that [it] has occurred with specific frequency or severity to meet the requirements for a severe medically determinable impairment." Tr. 18. As to migraine headaches, the ALJ, pointing to inconsistencies between treatment notes, Plaintiff's testimony, and her spouse's testimony, concluded they were not severe and alternatively found that "they would be accommodated" by the RFC's limitations. Tr. 18-19. Finally, as to cognitive deficiencies, the ALJ broadly noted he considered "all of the [Plaintiff's] medically determinable impairments, including those that are not severe, when assessing the [Plaintiff's] residual functional capacity." Tr. 19. In view of the record, the Court concludes substantial evidence supports the ALJ's finding that these impairments did not significantly limit Plaintiff's ability to perform basic work activities.

Moreover, the ALJ addressed these impairments at length at step four. *See* Tr. 23-26. Among other things, the ALJ found that Plaintiff has a "demonstrated tendency to exaggerate, which is of particular significance when evaluating conditions that are mostly subjective in nature," such as "irritable bowel syndrome, and migraines." Tr. 24. Notably, Plaintiff does not challenge this finding. Because the ALJ discussed these impairments and properly weighed its impact in determining Plaintiff's RFC, any error at step two would have been harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (the failure to address an impairment at step two is harmless if the RFC discussed it at step four).

The Court accordingly concludes the ALJ did not harmfully err at step two and affirms the ALJ's determination.

**B.     Step Five**

Plaintiff argues the ALJ erred at step five by relying on an incomplete hypothetical to the vocational expert. ECF No. 12 at 17-18. This argument is foreclosed because Plaintiff has failed to establish error at any previous step of the sequential evaluation process. This restatement of Plaintiff's argument fails to establish error at step five. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## VII.   CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of error.

Therefore, **IT IS HEREBY ORDERED:**

1.     Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

2.     Defendant's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 29, 2024.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION . . . 8